IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN SCOTT DEXTER                                              PLAINTIFF

vs.                              Civil No. 6:09-cv-06094

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jonathan Scott Dexter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and

a period of disability under Titles II and XVI of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for SSI and DIB on July 25, 2006.[2]  (Tr. 7).  Plaintiff initially

alleged he was disabled due to back injury.  (Tr. 140).  Plaintiff later alleged he was also disabled

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously applied for disability in Wisconsin and was denied on January 18, 2005.  (Tr. 11). That application is not currently before this Court.

due to his "legs going numb and tingling" (Tr. 38), depression (Tr. 45), anxiety (Tr. 45), panic attacks (Tr. 45), and ADHD (Tr. 47).  Plaintiff alleged an onset date of August 18, 2003.  (Tr. 108, 113).  These applications were initially denied on December 15, 2006 and were denied again on reconsideration on May 8, 2007.  (Tr. 62-65).  On May 17, 2007, Plaintiff requested an administrative hearing on his applications.  (Tr. 79-80).  This hearing was held on December 18, 2008 in Hot Springs, Arkansas.  (Tr. 20-58).  Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing.  *See id.*  Plaintiff and the Vocational Expert ("VE") David Elmore testified at this hearing.  *See id.*  On the date of the hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed his GED.[3]  (Tr. 26).

On May 14, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB.  (Tr. 7-19).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2010.  (Tr. 18, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 18, 2003, his alleged onset date.  (Tr. 18, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and major depressive disorder, recurrent and moderate.  (Tr. 18, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

---

[3] Plaintiff actually had a "HSED" which is a more advanced version of a GED that is utilized in Wisconsin, where Plaintiff originally took his GED.  (Tr. 40-41).

(Tr. 8-18).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found his claimed limitations were not fully credible.  *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> The claimant has the residual functional capacity to perform work-related activities except for work involving lifting more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; standing and/or walking with normal breaks for a total of about 6 hours in an 8-hour workday; sitting mostly with some pushing/pulling of arm and foot controls; and bending or stooping occasionally, but no crouching would be required.  Due to the non-exertional restrictions would be able to do simple routine repetitive work with only occasional contact with co-workers and/or supervisors; and only occasional supervision would be required and limited concentration.

(Tr. 18, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 18, Finding 6).  The ALJ determined Plaintiff's PRW included work as an over-the-road truck driver, truck driver, and van driver.  *Id.*  Based upon his RFC, the ALJ found Plaintiff would be unable to perform any of his PRW.  *Id.*  Next, the ALJ determined whether Plaintiff, with his limitations, would be able to perform other work existing in significant numbers in the national economy.  (Tr. 19, Finding 11).  In order to make that determination, the ALJ heard testimony from the VE.  (Tr. 19, 53-55).  Based upon this testimony, the ALJ determined Plaintiff could perform a significant number of other jobs existing in the national economy, considering his age, education, past work experience, and RFC.  (Tr. 19, Finding 11).  Examples of these jobs included (1) production assembler (light, unskilled ) (over 6,500 such jobs in the State of Arkansas and 170,000 such jobs in the nation); and (2) production assembler (*i.e.,* lamp shade assembly) (sedentary, unskilled) (approximately 1,000 such

3

jobs in the State of Arkansas and 60,000 such jobs in the nation).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 59-60).  *See* 20 C.F.R. § 404.968.  On September 4, 2009, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On October 6, 2009, Plaintiff filed the present appeal.  ECF No. 1.  The parties consented to the jurisdiction of this Court on January 12, 2010.  ECF No. 5.  Both parties have filed appeal briefs.  ECF Nos. 7-8.  This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff attacks the ALJ's findings in the following four areas: (A) Listings evaluation; (B) *Polaski* evaluation; (C) RFC evaluation; and (D) record development. ECF

5

No. 7 at 9-19.  Plaintiff claims that because the ALJ's disability determination is not supported by substantial evidence in the record, it must be reversed and remanded.  *Id.*  In response, Defendant argues that substantial evidence supports the ALJ's evaluation of the Listings, RFC determination, and credibility determination.  ECF No. 8 at 1-21.  This Court will address each of Plaintiff's arguments.

### A.       Evaluation of the Listings

Plaintiff claims he meets the requirements of Listings 1.02, 1.04, and Listing 1.09.  For Listings 1.02 and 1.04, Plaintiff states the requirements of these listings and then makes the broad claim that his "medical evidence supports both of these listings."  ECF No. 7 at 14.  Plaintiff does not outline or otherwise provide *which* medical evidence supports a finding that he meets the requirements of these listings.  Plaintiff has the burden of establishing that his impairments meet the requirements of the listings.  *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004).  As such, these claims may be summarily dismissed.  *Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's "conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom [plaintiff] provides no analysis of the relevant law or facts regarding these listings").

Even if Plaintiff had properly developed his argument, it does not appear he meets the requirements of either of these listings.  Listing 1.02 requires a "gross anatomical deformity" such as a "subluxation, contracture, bony or fibrous ankylosis, instability."  Plaintiff has provided no medical records supporting his claim that he has such a "gross anatomical deformity."  Thus, he has not demonstrated that he meets the requirements of Listing 1.02.  Further, Listing 1.04 applies to "[d]isorders of the spine" such as a "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis,

6

osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture" that results "in a compromise of a nerve root (including the cauda equina) or the spinal cord." Even though Plaintiff has demonstrated he suffers from degenerative disc disease, his most recent MRI from September 5, 2006 does not indicate this problem has resulted in "a compromise of a nerve root . . . or the spinal cord." (Tr. 349). Indeed, Plaintiff's doctor found "[n]o nerve root impingement is evident." *Id.* Thus, this Court finds Plaintiff cannot meet the requirements of either Listing 1.02 or 1.04.

As for the mental impairment listings, Plaintiff claims that he meets the requirements of Listing 12.09 for "[s]ubstance addiction disorders." This listing is characterized by "[b]ehavioral changes or physical changes associated with the regular use of substances that affect the central nervous system." It further states that the "required level of severity for these disorders is met when the requirements in any of the following (A through I) are satisfied." Categories A through I include the following: (A) organic mental disorders, (B) depressive symptoms, (C) anxiety disorders, (D) personality disorders, (E) peripheral neuropathies, (F) liver damage, (G) gastritis, (H) pancreatitis, and (I) seizures.

Of Categories A through I, Plaintiff does not specify which he meets. Instead of establishing that he meets the requirements of any of Categories A through I, he focuses on the "B" criteria and claims he meets those requirements. The "B" criteria, however, are just one element of a listing and include consideration of factors such as "activities of daily living," "social functioning," "concentration, persistence, or pace," and "episodes of decompensation." Even assuming Plaintiff has established he meets the requirements of the "B" criteria, he has not established he is disabled or that he meets the requirements of any given listing. Thus, Because Plaintiff has not provided medical evidence establishing that he meets the requirements of any of these categories or Listing

12.09, he has not met his burden, and this issue will not be addressed further. *See Vandenboom,* 421 F.3d at 750.

### B.      *Polaski* Evaluation

Plaintiff claims the ALJ failed to properly consider his subjective complaints of disabling back pain in accordance with *Polaski*. ECF No. 7 at 13-14, 17-19.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a thorough and complete *Polaski* analysis. (Tr. 11-13). The ALJ considered Plaintiff's credibility in light of his inconsistent work record and his extensive daily activities. *See id.* The ALJ also considered the fact that there were many inconsistencies between Plaintiff's testimony and the record, including the following: (1) Plaintiff initially reported suffering from no side effects due to his medication but later reported experiencing drowsiness and fatigue from the same medications; (2) Plaintiff testified at the administrative hearing in this matter that he could not sit for more than 30-45 minutes but then later reported driving non-stop for two hours to attend the hearing; and (3) Plaintiff testified that he had not been fishing since 2003 or ridden a bicycle since 2004 but then reported doing those activities on his Function Report dated August 23, 2006. *Id.* Based upon these findings and stated inconsistencies, the ALJ determined Plaintiff's impairments were not as severe as he alleged, and this Court finds the ALJ did not err in this *Polaski* analysis.[5] (Tr. 18, Finding 4).

_____

[5] Plaintiff only raised a broad, general claim that the ALJ performed an improper *Polaski* analysis. Plaintiff did not provide any analysis or argument as to which *part* of the ALJ's *Polaski* analysis was flawed. Thus, this Court has only addressed the *Polaski* analysis generally.

9

C.    RFC Determination

Plaintiff alleges the ALJ erred in evaluating his RFC.  ECF No. 7 at 7-8, 18-19.  Based upon

his brief, it appears Plaintiff raises three arguments regarding the ALJ's RFC determination.  *See id.*

First, Plaintiff argues the ALJ improperly discounted the opinion of Dr. Sherre L. Moskow, Psy.D.

ECF No. 7 at 7-8.  Dr. Moskow performed a consultative mental examination of Plaintiff on April

8, 2009.  (Tr. 359-367).  Dr. Moskow was, however, only a consulting physician, and her opinion

was not entitled to controlling weight.  *See Cox v. Barnhart,* 345 F.3d 606 (8th Cir. 2003) (noting

that "[w]e [the Eighth Circuit] have stated many times that the results of a one-time medical

evaluation do not constitute substantial evidence on which the ALJ can permissibly base his

decision").

Further, the ALJ fully evaluated her findings in his opinion and discounted those findings for

two valid reasons: (1) her findings were "highly inconsistent with the overall objective medical

evidence and other evidence of record"; and (2) it appeared she had taken Plaintiff's subjective

allegations "at face value in making her assertion." (Tr. 16).  In light of these findings and the fact

that the ALJ was not required to accept her findings, this Court finds no error with the ALJ's

assessment of Dr. Moskow's findings.

Second, Plaintiff raises a general argument that "[t]he ALJ relied on the opinions of non-

treating, non-examining physicians who failed to review all of the reports of the treating physicians

to form an opinion of Plaintiff's RFC."  ECF No. 7 at 18.  Plaintiff does not, however, provide any

specific reference to any medical records that were improperly relied upon.  *Id.*  After reviewing

Plaintiff's medical records, it does not appear that the ALJ exclusively relied upon the opinions of

any non-treating, non-examining physician.  (Tr. 8-12).  In his opinion, the ALJ reviewed all medical

evidence in the record before making his RFC determination.  Indeed, this Court finds it important to note that even though Plaintiff reported suffering from disabling back pain, his most recent MRI from September 5, 2006 indicates that his disc disease only "contributes to mild central canal and biforaminal stenoses."  (Tr. 349).  There was no evidence of "nerve root impingement."  *Id.*  This treatment record clearly supports the ALJ's RFC determination, and this Court finds the ALJ did not err in considering Plaintiff's treatment records.

Finally, Plaintiff argues that he cannot perform a full range of work because he suffers from so many different impairments.  He states as follows:

> In this case the ALJ's determination as to Plaintiff's ability to perform a full range of light work was not supported by substantial evidence of record.  Plaintiff's limitations from his chronic back pain, numbness and tingling in his extremities, annular tear and disc herniation at L5-S1, ADHD and other mental impairments prohibit him from performing light or even sedentary work.

ECF No. 7 at 10.  Plaintiff has not, however, provided this Court with any *specific* limitations that he has as a result of these impairments, and these diagnoses alone do not establish he is disabled.

Additionally, if Plaintiff is claiming the ALJ did not properly consider his impairments in *combination,* this Court finds that argument is also without merit.  Notably, in his opinion, the ALJ stated he found Plaintiff's "combination of impairments" did not meet the requirements of a listing. (Tr. 8).  The ALJ also incorporated Plaintiff's limitations from each of his alleged impairments (physical and mental) in his RFC determination which also indicates he properly considered Plaintiff's impairments in combination. (Tr. 13).  Thus, this Court finds the ALJ properly considered Plaintiff's impairments in combination.  *See Hajek v. Shalala,* 30 F.3d 89,  92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent

11

him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

### D.    ALJ's Development of the Record

Finally, Plaintiff argues the ALJ erred by failing to develop the record.  ECF No. 7, Page 18. Plaintiff argues:

> The ALJ should have sought an opinion from Plaintiff's treating physicians, or in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations, to assess Plaintiff's mental and physical residual functional capacity.

*Id.*  Again, Plaintiff does not indicate which *portion of the record* the ALJ failed to develop.  Instead, Plaintiff makes this broad claim without any supporting evidence.

Based upon a review of the record in this case, this Court finds the ALJ fully and fairly developed the record in this case.  Indeed, at the administrative hearing on December 18, 2008, the ALJ even acknowledged that additional record development for Plaintiff's alleged mental impairment would be beneficial.  (Tr. 57-58).  Thereafter, the ALJ ordered a consultative evaluation from Dr. Moskow in order to further develop the record.  (Tr. 358-367).  After this examination had been completed, the ALJ carefully evaluated her findings.  (Tr. 15-16).  Although he did not adopt all of her opinions, he considered her findings and noted those which he found credible.  *See id.* Furthermore, the ALJ left the record open for Plaintiff's MRI results in order to be able to fully assess Plaintiff's alleged back impairment.  (Tr. 57-58).  Based upon this information, this Court finds there was sufficient evidence for the ALJ to make an informed decision.  *See Payton v. Shalala,* 25 F.3d 684, 686-87 (8th Cir. 1994).  Further, even if the ALJ did fail to fully and fairly develop the record, there is no indication Plaintiff was prejudiced by that failure.  As such, without a showing

12

a prejudice, this case should not be reversed and remanded. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993).

**4.  Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of November, 2010.**

s/  Barry A. Bryant

HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE